Mr. Chief Justice Shahkey
delivered the opinion of the court.
In this case it is assigned for error that the court below'erred in permitting the plaintiffs below to introduce as evidence on the trial, copies of their answers in chancery to the bill of the defendants below. During the pendency of the suit at law a bill was filed by the plaintiffs in error against the defendants to enjoin the pro *29 ceedings. The injunction was granted, and to this bill the answers in question were put in.' The injunction, however, was subsequently dissolved, and the cause tried in the circuit court of Franklin county. On the trial the defendant in error introduced in evidence before the jury, the bill in chancery on which the injunction had been granted. This was objected to, but is not made a cause of exception to the opinion of the court. They also introduced in evidence copies ef their own answers to the bill. To this, the plaintifPs counsel objected, but was overruled by the court and the answers admitted; to this the counsel took his bill of exceptions, and the cause is brought into this court by writ of error.
It is a general rule, and one which is founded on the most obvious reasons, that a party cannot make evidence for himself, eithep written or parol. If the answers had been introduced by the plaintiffs, then it would probably have become evidence for the defendants, at least, so far as they are responsive to the bill, and they might have insisted on their truth.
If these answers were properly admissible, it would follow that in every case of a bill to stay proceedings at law, the party might so frame his answer as to meet every exigency, and insure his success at law; and if the complainant should happen to fail in getting his injunction perpetuated, hopeless indeed would be his prospect of success on the trial, when the answer of the party against whom he is contending is to be evidence in favor of the party who made it, and such answer drawn with a view to the ultimate application of it. A rule of this kind would certainly deter any party -from attempting to stay proceedings at law, previous to trial, and, in its consequences, prove highly injurious.
In addition to the manifest reasons against the admissibility of these answers, the authorities, so far as the limited libraries of the place furnish any, seem to place the question beyond doubt. It is laid down in 1 Starkie on Evidence, 288, that an answer is evidence as an admission on oath, but is not evidence except against the party who made it. There is a bill for relief, and not for discovery, merely; indeed, no discovery seems to be sought for the purpose of using it at law, and if it had been a bill for discovery merely we are not prepared to say that the rule would be different.
The judgment must be reversed, and a venire de novo awarded: